UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ROLAND JACQUES,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.<br>Respondent. | No. 1:26-cv-2651-DC-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the undersigned recommends that the petition be granted.

**BACKGROUND**

In his verified petition for writ of habeas corpus, petitioner alleges he is a native of Jamaica.[1] ECF No. 1 at ¶ 1; ECF No. 12 at ¶ 11. He entered the United States as a teenager on October 15, 2004 on a B2 visa,[2] which authorized him to stay until April 14, 2005. ECF No. 12

[1] Petitioner had pro se status when he filed his petition initiating this action. His court-appointed counsel subsequently filed a supplemental petition. ECF No. 12. Respondents filed opposition, and petitioner replied. ECF No. 13; ECF No. 14.

[2] B2 visas are issued to persons entering the United States for purposes of personal pleasure and limited business activities. 22 C.F.R. § 41.31; *United States v. Singh*, 979 F.3d 697, 723 (9th Cir. 2020).

at ¶ 11; ECF No. 12-1 at 3. He has three United States citizen children, the youngest has Downs Syndrome and cannot speak. ECF No. 12 at ¶ 13.

In 2021, he was convicted of possession with intent to distribute a controlled substance (marijuana). *Id*. at ¶ 14. The Department of Homeland Security (DHS) notified him that he was removable on the grounds that he had overstayed his visa and took him into custody in October 2021. *Id*.; ECF No. 12-1 at 3. He has been detained continuously since then. ECF No. 12 at ¶ 14.

Petitioner applied for cancellation of removal and withholding of removal under the Convention Against Torture (CAT).[3] ECF No. 12 at ¶ 15. An immigration judge (IJ) granted withholding of removal on June 6, 2022, but the Board of Immigration Appeals (BIA) reversed on the grounds that petitioner's 2021 conviction "should have been deemed a particularly serious crime and a bar to withholding of removal." *Id*. at ¶ 16. On remand, the IJ once again granted withholding of removal, but the BIA once again reversed on the same grounds. *Id*. at ¶¶ 17, 18. Petitioner's appeal to the Ninth Circuit Court of Appeals is pending.[4] *Id*. at ¶ 18.

On April 11, 2024, an IJ held that the immigration court lacked jurisdiction to consider petitioner's request for bond (also described as his request for "a change in custody status") because of the final administrative decision of the BIA and the pending appeal to the Ninth Circuit Court. ECF No. 12 at ¶ 19; ECF No. 12-1 at 37.

Respondents do not dispute petitioner's account. ECF No. 13 at 1-2. They add that 1) petitioner requested and received multiple extensions to submit briefing at the Ninth Circuit

---

[3] The CAT is a treaty, whose provisions have been implemented in immigration statutes and regulations. S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 113 (Dec. 10, 1984); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 530-531 (citing 8 U.S.C. § 1231(b)(3)(A), 8 C.F.R. §§ 208.16-208.17, and 1208.16-1208.17); *see also Castillo v. Chestnut*, No. 1:25-cv-01296-SAB-HC, 2026 WL 121652, at *3-4 (E.D. Cal. Jan. 16, 2026) ("Congress has implemented the treaty by statute as part of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA)" (citations omitted)).

[4] The court takes judicial notice that the Ninth Circuit Court's docket for *Jacques v. Blanche*, No. 23-3015, retrieved on Westlaw, indicates that no decision has issued as of July 30, 2026. *See* Fed. R. Evid. 201(c)(1) & (d) (a court may take judicial notice on its own at any stage of the proceeding); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (a court may take judicial notice of court records); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Court, 2) oral argument has been heard, and 3) the case was submitted on October 10, 2025. *Id.* at 2.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

Petitioner asserts that his ongoing detention violates his rights under the Fifth Amendment due process clause. He asks the court to order a bond hearing or his immediate release from custody. ECF No. 1 at 30-31; ECF No. 12 at 11-12.

**A. Merits Of The Petition**

The court construes liberally the allegations of petitioner's pro se complaint. *See Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Zichko v. Idaho,* 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987).

**B. Petitioner Is Detained Pursuant To 8 U.S.C. § 1226(a)**

There are four statutes that allow the detention of non-citizens placed in removal proceedings: 8 U.S.C. § § 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). "A non-citizen's place within this web of statutes is significant as it can affect whether their detention is mandatory or discretionary, as well as the kind of review process available to them if they wish to challenge their detention." *L.R. v. Noem*, 826 F. Supp. 3d 1252, 1263, 2026 WL 161605, at *4 (D. Nev. 2026) (quoting in part *Avilez*, 69 F.4th at 529) (cleaned up).

The parties' positions are somewhat equivocal as to the statutory authority for petitioner's detention. Petitioner suggests that he is detained under either 8 U.S.C. § 1231(a)(1)-(2), or 8 U.S.C. § 1226(c). ECF No. 12 at 5-11. Respondents assert that petitioner is detained pursuant to § 1231(a) because he is removable under 8 U.S.C. § 1227(a)(2), and that because they claim

petitioner is a risk to the community or unlikely to comply with his order of removal, § 1231(a)(6) authorizes continued detention for longer than 90 days. *See* ECF No. 13 at 2-3. In his reply, petitioner only tentatively agrees with respondents as to statutory authority. ECF No. 14 at 3 (respondents "[a]ssum[e], arguendo, [that] Respondents are correct" that petitioner is detained pursuant to § 1231(a)).[5]

But according to the immigration records submitted by respondents, the reason petitioner was detained was because he overstayed his visa.[6] This means that at the outset his detention fell under § 1226(a) rather than § 1231(a) or § 1226(c). *See Carias Valenzuela v. Warden*, No. 1:26-cv-1249-DJC-SCR, 2025 WL 901337, at *3 (E.D. Cal. Apr. 2, 2026) (§ 1226(a) as the "default detention provision" applies to detention on the basis of visa overstay). There is no indication in this record that the statutory basis for petitioner's continued detention has changed over time.[7]

The other statutes cited by the parties do not clearly appear to apply to petitioner's circumstances. Subsection 1231(a)(6) authorizes continued detention of persons removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4). *See Escobar v. Chestnut*, No. 1:26-cv-3568-DJC-EFB, 2026 WL 1587466, at *2 (E.D. Cal. June 3, 2026). Respondents claim in conclusory fashion that that petitioner is removable pursuant to § 1227(a)(2), but it is not clear whether this true and respondents do not provide documentation showing that petitioner has been found

[5] Petitioner claims that *Enrique M.S. v. Andrews*, 821 F. Supp. 3d 1197, No. 25-cv-1911-TLN-CSK, 2026 WL 124863, at *3 (E.D. Cal. Jan. 16, 2026), "held to the contrary." ECF No. 14 at 3. But *Enrique* merely held that the petitioner there was allowed to contest his continuing detention under § 1231(a), 821 F. Supp. 3d at 1202-1203, which does not appear contrary or relevant to the statutory basis for petitioner's detention.

[6] Form I-831 indicates that petitioner was encountered at the Washington County Jail in Saint George, Utah on September 1, 2021, where he was serving his sentence for marijuana possession. ECF No. 13-1 at 2. This form states that his "current administrative charges" as of that date were "nonimmigrant overstay" and it cites "237a1B," which the court construes as a reference to 8 U.S.C. § 1227(a)(1)(B). It thus appears that petitioner was initially placed in detention pursuant to this statute which provides that he may be "deportable as an overstay when his period of admission expires *unless* he receives an extension." *Samimi v. INS*, 714 F.2d 992, 994 (9th Cir. 1983) (emphasis in original).

[7] It is possible that "additional or substituted charges of inadmissibility and/or deportability and/or factual allegations" may have been lodged against petitioner during the course of his removal proceedings. *See* 8 C.F.R. § 1240.10(e); *Mier-Fiorito v. Mukasy*, 282 F. App'x 536, 538 (9th Cir. 2008). But the record does not clearly indicate whether this has occurred and there is no indication that the charge of visa overstay has been dropped.

removable under this provision.[8] Section 1226(c) authorizes the detention of persons convicted of certain crimes, and it appears inapplicable for similar reasons. Also, respondents do not suggest that § 1226(c) is any part of the authority for petitioner's detention and petitioner only tentatively cites § 1226(c) as a possibility.

For these reasons, the court proceeds on the understanding that petitioner is detained pursuant to § 1226(a) as a person who overstayed his visa according to § 1227(a)(1). *See Carias Valenzuela*, 2025 WL 901337, at *3.

**C. Petitioner Must Receive Immediate Release**

Petitioner requests that he be granted immediate release, or alternatively a bond hearing. ECF No. 1 at 30-31; ECF No. 12 at 12-13. In cases where a person is detained pursuant to § 1226(a), "[c]ourts in this circuit have ordered both forms of relief." *Lopes Santana v. Marin*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 746995, at *5 (E.D. Cal. Mar. 17, 2026).

Petitioner was denied a bond hearing in 2024 on a finding that the IJ lacked jurisdiction because of the procedural circumstances of his case. ECF No. 12 at ¶ 19; ECF No. 12-1 at 37. As a person whose detention is governed by § 1226(a), he is entitled to a bond hearing, but courts have instead granted immediate release in circumstances similar to those presented here. *See Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (ordering immediate release of petitioner who was denied a bond hearing on grounds the IJ lacked jurisdiction[9]); *Leo Huayen v. Chestnut*, No. 1:26-cv-3696-DAD-AC, 2026 WL 1363089, at *1-2 (E.D. Cal. May 15, 2026) (petitioner with expired visa who was held for six months without a bond hearing was granted immediate release because a bond hearing would not adequately remedy the due process violation of "being deprived of an opportunity to be heard at a

[8] Subsection 1227(a)(2)(B) classifies as deportable persons with convictions for possession of controlled substances ("other than a single offense for one's own use of 30 grams or less of marijuana"). The parties have not addressed whether or how petitioner's conviction might fall within this provision or its carve-out exception. Without benefit of briefing by the parties or any indication in petitioner's immigration records that he has been explicitly classified as deportable under § 1227(a)(2)(B), the court will not opine whether this provision applies.

[9] Background information describing the *Feng* petitioner's circumstances was set forth in the Magistrate Judge's findings and recommendations. *Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 369800, at *1 (E.D. Cal. Feb. 10, 2026).

meaningful time and in a meaningful manner" (internal quotation marks and citation omitted)); *Ramirez Quintero v. Warden*, No. 1:26-cv-4251-DAD-JDP, 2026 WL 2018614, at *2 (E.D. Cal. July 13, 2026), *vacated on reconsideration on grounds that removal had mooted the habeas petition*, 2026 WL 2112425 (E.D. Cal. July 21, 2026) (person detained for 15-year visa overstay upon his arrest for petit theft was not inadmissible under Laken Riley Act and his release was the appropriate remedy). Courts have chosen a bond hearing as the more appropriate remedy where the person has a more extensive and/or more violent criminal history. *Lopes Santana*, 2026 WL 746995, at *1 (recommending a bond hearing where petitioner had pending charges for assault after threatening his ex-wife with a gun); *Perez-Paredes v. Warden*, No. 1:26-cv-3356-DC-JDP, 2026 WL 1470605, at *1, 4 (E.D. Cal. May 26, 2026) (bond hearing was appropriate remedy for petitioner with criminal convictions for two DUIs and for preventing a victim from testifying, who had also been arrested for crimes including unlawful possession of tear gas, paraphernalia, and appropriation of lost property, possession of a controlled substance, possession of marijuana for sale, willful cruelty to a child, battery against a spouse/ex-spouse, and rape by means of force or fear); *Colamenares-Pinto v. Warden*, No. 1:26-cv-0812-DAD-SCR, 2026 WL 923804, at *1, 4 (E.D. Cal. Apr. 6, 2026) (bond hearing was appropriate remedy for person who overstayed visa by over four years then was detained for four months without a bond hearing after pleading guilty to twelve counts of felony smuggling of persons).

Under the circumstances presented, the undersigned finds that petitioner's immediate release is the proper remedy. His very lengthy detention of over four and a half years without a bond hearing is a due process violation that has deprived him of an opportunity to be heard at a meaningful time and in a meaningful manner. Also, as in *Feng*, there is no indication in this record "of prima facie evidence that Petitioner could be found to be a risk of flight or a danger to the community." 2026 WL 472635, at *1.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2. Respondents be ORDERED to immediately release Petitioner (Omar Jacques, A-216-

677-298) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered; and

3. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE