UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OMAR JACQUES,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No. 1:26-cv-02651-DC-EFB (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART HABEAS PETITION

(Doc. No. 15)

Petitioner, a federal immigration detainee proceeding through counsel, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. Nos. 1, 12) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 4, 2026, the magistrate judge filed findings and recommendations in which he found that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) because Petitioner was detained for overstaying his visa, and recommends that this court order Petitioner's immediate release because Petitioner has been detained for a prolonged period of time without a bond hearing. (Doc. No. 15.) The findings and recommendations were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (*Id.*)

On August 11, 2026, Respondents filed objections to the findings and recommendations, objecting to the magistrate judge's determination that 8 U.S.C. § 1226(a) governs Petitioner's detention and arguing that 8 U.S.C. § 1231 governs because Petitioner is subject to a final order

of removal that is currently on appeal for a withholding-only challenge. (Doc. Nos. 16 at 2; 18.) Respondents also assert that Petitioner would alternatively be subject to detention under 8 U.S.C. § 1226(c) because of his criminal conviction related to controlled substances. (Doc. No. 16 at 3.) On August 13, 2026, Petitioner filed a response to Respondents' objections to the findings and recommendations in which he highlights that "Respondents' objections do not address Petitioner's prolonged detention, and their arguments cut against the Immigration Judge's two grants of withholding of removal." (Doc. No. 17.) On August 28, 2026, Respondents further filed a notice of supplemental authority advising the court that "the U.S. Court of Appeals for the Ninth Circuit issued an opinion granting Petitioner's petition for review and remanding his case to the Board of Immigration Appeals." (Doc. No. 18.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court will decline to adopt the findings and recommendations because the undersigned finds that Petitioner's detention authority shifted from 8 U.S.C. § 1226(a) to 8 U.S.C. § 1231(a)(6) when a final order of removal was entered against him, and that he is thus subject to mandatory detention. (*See* Doc. Nos. 12 at 2; 12-1 at 5–7, 26–29; 13 at 1.) This court has found that a noncitizen detained pursuant to 8 U.S.C. § 1231(a)(6) during withholding-only proceedings was not entitled to release under *Zadvydas*—even though his post-removal order detention exceeded six months—because there was "no evidence before the court that the government would not otherwise be able to expeditiously remove Petitioner to" his identified removal country. *J.R.M.J. v. Wofford*, No. 1:25-cv-01567-DC-SCR, 2026 WL 1948264, at *5 (E.D. Cal. July 6, 2026); *see also Prieto Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (stating that unlike the petitioners in *Zadvydas*, the petitioner "face[d] a significant likelihood of removal in the reasonably foreseeable future because the government can repatriate him to Mexico if his pending bid for judicial relief from his administratively final removal order proves unsuccessful").

This does not, however, end the analysis as to Petitioner's procedural due process claim.

/////

In *J.R.M.J.*, this court employed the *Mathews*[1] analysis to determine that Petitioner's seven-month detention, when combined with procedural concerns relating to the revocation of his supervised release, entitled Petitioner to a bond hearing at which the government bore the burden of justifying the petitioner's continued detention by clear and convincing evidence. Here, Petitioner has been detained for five years. (Doc. No. 13-1 at 1–4.) Thus, as in *J.R.M.J.*, his detention has undoubtedly grown prolonged. Moreover, Petitioner has not received a substantive custody redetermination hearing in all that time. (Doc. No. 12-1 at 37–38, 40–41.) For the reasons set forth in *J.R.M.J.*, this court will grant Petitioner's petition for writ of habeas corpus (Doc. Nos. 1, 12) as to his due process claim[2] and order that Petitioner be provided with a custody redetermination hearing before a neutral arbiter at which Petitioner's release on bond must be considered. *See* 2026 WL 1948264, at *3–*7.

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed August 4, 2026 (Doc. No. 15);
2. Petitioner Omar Jacques's (A-216-677-298) petition for writ of habeas corpus (Doc. Nos. 1, 12) is GRANTED as follows:
    a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;
    b. Respondents are ORDERED to provide Petitioner and his counsel with

---

[1] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[2] Because the court is granting the petition on the due process claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;

c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and

d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

3. The Clerk of the Court is directed to serve a copy of this order on Golden State Annex Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dena Coggins
United States District Judge